UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

ELOV ULUGBEK,
Petitioner,
v.
CHRISTOPHER LAROSE, Warden, et al.,
Respondents.

Case No.: 3:26-cv-04586-RBM-DDL

**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 5]**

Pending before the Court is Petitioner Elov Ulugbek's ("Petitioner") Amended Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 5.) For the reasons below, the Court **GRANTS** the Petition.

## I. BACKGROUND

Petitioner was born in Tajikistan and entered the United States in 2022 by applying for asylum at a port of entry. (*Id.* at 2.) After being detained for several weeks, he was paroled into the United States. (*Id.*) However, he "was ordered removed in absentia on May 2, 2025, because his lawyer did not tell him that he had a court hearing." (*Id.* (citing Doc. 5-1 [Decl. of Elov Ulugbek] ¶¶ 1–5).) On June 10, 2026, United States Immigration and Customs Enforcement ("ICE") officers arrested Petitioner for sleeping in his work vehicle. (*Id.*) When the officers determined that Petitioner had been ordered removed, they brought him to Otay Mesa Detention Center, where he remains today. (*Id.* at 3.)

Petitioner, then proceeding *pro se*, filed his original petition on August 11, 2026. (Doc. 1.) The Court referred the petition to Federal Defenders of San Diego, Inc., for an evaluation of whether Petitioner was eligible for appointment of counsel. (Doc. 2.) Petitioner, now represented by Federal Defenders, filed the operative Petition on August 17, 2026. (Doc. 5.) Respondents filed their return on August 24, 2026. (Doc. 6.) Petitioner filed his reply on August 27, 2026. (Doc. 7.)

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner argues that his detention violates the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001), because his removal is not significantly likely in the reasonably foreseeable future. (Doc. 5 at 3–5.) Respondents do not respond to the *Zadvydas* claim, arguing only that the Petition is premature because "Petitioner's post-final order detention is within the 90-day" removal period mandated by 8 U.S.C. § 1231(a). (Doc. 6 at 2–4.)

### A. *Zadvydas*

The Supreme Court has recognized a six-month presumptively reasonable period of detention after a noncitizen's removal order becomes final. *Zadvydas*, 533 U.S. at 701. "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the

Government must respond with evidence sufficient to rebut that showing." *Id.* "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* (citation modified). In that case, the noncitizen's release "may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the [noncitizen] may no doubt be returned to custody upon a violation of those conditions." *Id.* at 700.

**1. Presumption of Reasonableness**

The six-month presumptively reasonable period has passed for Petitioner. "The removal period begins when [a noncitizen] is ordered removed, and the removal order becomes administratively final." *Johnson v. Guzman Chavez*, 594 U.S. 523, 534 (2021) (citation modified). Under § 1231:

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order.
>
> (iii) If the [noncitizen] is detained or confined (except under an immigration process, the date the [noncitizen] is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

The Parties agree that only the first option is relevant here, and that Petitioner's removal order became final on May 2, 2025. (*See* Doc. 6 at 3 (Respondents acknowledging that "Petitioner's removal order became final on May 2, 2025, when he was ordered removed in absentia"); Doc. 6-4 at 2.) Respondents argue, though, that the mandatory 90-day detention period does not end 90 days after the removal order becomes administratively final, but after the petitioner has been detained for 90 days. (*See id.* at 3.) But as multiple courts in this District have concluded, "a plain reading of 8 U.S.C. § 1231(a)(1)(B)" demonstrates that "the statute is unequivocal that the removal period begins on the . . . day that Petitioner's order of removal bec[omes] administratively final." *Nguyen v. Mullin*, 2026 WL 1480803, at *2 (S.D. Cal. May 26, 2026) (citing *Baythavong v. Noem*, 26-cv-

01138-DMS-MSB, ECF No. 7, at *2–3 (S.D. Cal. Apr. 6, 2026) ("Respondents failed to cite any authority to support their position that the presumptively reasonable period of detention only applies when the individual is actually in detention, i.e., that the nearly seven-year period in which Petitioner was on supervision is not relevant to the *Zadvydas* argument.")); *see also Nguyen v. Noem*, Civil Action No. 5:25-CV-176, 2026 WL 237282, at *7 (S.D. Tex. Jan. 28, 2026) ("[T]here is nothing in the relevant statutory language to suggest that the removal period restarts or resets automatically with another arrest or subsequent redetention.").

The Court agrees with the reasoning in the above cases and incorporates it here. Therefore, under § 1231 and *Zadvydas*, Petitioner's detention would have been presumptively constitutional for six months after May 2, 2025, through November 2, 2025. Because Petitioner's removal order became administratively final over 15 months ago, though, his current detention is not presumptively reasonable.

**2. Good Reason to Believe**

After the six-month period expires, Petitioner has the initial burden of showing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. "Good reason to believe does not place a burden upon the detainee to demonstrate no reasonably foreseeable, significant likelihood of removal or show that his detention is indefinite; it is something less than that." *Senor v. Barr*, 401 F. Supp. 3d 420, 430 (W.D.N.Y. 2019) (cleaned up). Respondents do not dispute Petitioner's contention that they have made no progress in removing him despite his removal order being finalized over 15 months ago. Accordingly, the Court finds that Petitioner has met his initial burden. The burden thus shifts to Respondents to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. As discussed below, Respondents have not done so.

**3. Significant Likelihood of Removal in the Reasonably Foreseeable Future**

Respondents do not respond substantively to Petitioner's *Zadvydas* argument. They attach no declarations or documentary evidence regarding progress being made toward

Petitioner's removal. They make no representations in their return that progress is being made toward Petitioner's removal. In fact, the sole piece of information in the record regarding Petitioner's removal prospects comes from Petitioner: "ICE officers have told him that they will have to apply for a Tajikistan passport for him but have not said how long this will take." (Doc. 5 (citing Decl. of Elov Ulugbek ¶ 6).) Courts in this District, including this Court, have found that the Government failed to meet its burden on facts far more favorable to them than those present here. *See, e.g.*, *Phan v. Warden of Otay Mesa Det. Facility*, 813 F. Supp. 3d 1179, 1186–87 (S.D. Cal. 2025) (holding that the Government failed to sufficiently rebut even though it had already submitted a travel document request to ICE headquarters because it "conceded that the travel document request had yet to be submitted to Vietnam, provided no estimate for when it would be submitted, and provided no estimate for how long it would take for Vietnam to respond") (citation modified); *Conchas-Valdez v. Casey*, No. 25-cv-02469-DMS-JLB, 2025 WL 2884822, at *3 (S.D. Cal. Oct. 6, 2025) ("[T]he Government's minimal work on this case—one resettlement request and two follow up emails over the course of seven months—do not instill confidence that it will be able to secure [the petitioner's] removal in the reasonably foreseeable future."); *Alkhafaji v. Mullin*, Case No.: 3:26-cv-02262-RBM-BJW, 2026 WL 1862613, at *4–5 (S.D. Cal. June 29, 2026) (holding that the Government failed to sufficiently rebut because it had "not identified a third country to which they plan to remove Petitioner, much less a travel document or . . . an estimate for how long it would take for the third country to respond").

Petitioner has sufficiently established that his removal is not significantly likely in the reasonably foreseeable future. Therefore, his detention is no longer reasonable or authorized by statute.

## IV. CONCLUSION

For the foregoing reasons, the Petition (Doc. 5) is **GRANTED**. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to "appropriate conditions" of supervision to be determined by immigration authorities and in accordance

with applicable statutory and regulatory procedures. *See Zadvydas*, 533 U.S. at 700; *Vlasov v. Bondi*, Case No.: 25-cv-1342-AJB-MSB, 2025 WL 2258582, at *3 (S.D. Cal. Aug. 7, 2025).

**IT IS SO ORDERED**.

DATE: August 28, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE